A. LESCHEN & SONS ROPE CO. v. BRODERICK & BASCOM ROPE CO.

(Circuit Court, E. D. Missouri, E. D.   May 30, 1903.)

No. 4,852.

1. TRADE-MARKS—PRELIMINARY INJUNCTION AGAINST INFRINGEMENT—EVIDENCE OF TITLE.

The registration of a trade-mark confers no right or title thereto on the registrant, and is at best only prima facie evidence of his right, which is not sufficient to warrant a court in granting a preliminary injunction against its infringement.

2. SAME.

A court should not grant a preliminary injunction against the infringement of a trade-mark until the complainant's right thereto has been judicially determined, and the decision of the Commissioner of Patents in favor of such right in an interference declared between him

and another applicant for registration, under the limited authority given therefor by section 3 of Act March 3, 1881, 21 Stat. 503 [U. S. Comp. St. 1901, p. 3402], is not such a judicial determination.

In Equity. On motion for preliminary injunction.

George H. Knight, for complainant.
Higdon, Longan & Hopkins, for defendant.

ADAMS, District Judge. This is a motion for a temporary injunction to restrain the defendant from pirating complainant's trade-mark. There has been no adjudication of complainant's title to the trade-mark in question, either at law or in equity, unless the fact that after it had registered its trade-mark, and when the defendant undertook to register its, a decision rendered by the Commissioner of Patents on an interference declared between the two amounts to such adjudication of title in the complainant as to its trade-mark in question. The right to a trade-mark does not emanate from the United States. There is no grant from the United States like the grant of a patent. The act of March 3, 1881, c. 138, 21 Stat. 502 [U. S. Comp. St. 1901, p. 3401], is practically a recording or registration statute, and is, by its terms, only prima facie evidence of a right, and the fact of registration pursuant to its provisions is at best prima facie evidence of such right. In this respect the effect of registering a trade-mark is not dissimilar to the prima facie effect of the grant of a patent by the United States; such grant being prima facie evidence of patentable novelty. The right to a trade-mark depends upon the priority of appropriation of some symbol or device to designate the origin or ownership of an article of manufacture or sale to which it is affixed. In analogy with the practice in patent cases, preliminary injunctions ought not to be awarded a complainant seeking relief against an alleged infringer of a trade-mark until the right to such trade-mark has been judicially determined, and until infringement is made to clearly appear. Many questions of fact are involved in the determination of such right. Priority in appropriation of the mark, whether or not it is of such a character that it may lawfully be appropriated, whether the use thereof has been of the character and duration requisite and necessary to confer the right of property, are among the questions so involved. Macmahan Pharmacal Co. v. Denver Chemical Mfg. Co., 113 Fed. 468, 51 C. C. A. 302; Illinois Watch-Case Co. et al. v. Elgin Nat. Watch Co., 94 Fed. 667, 35 C. C. A. 237, and cases cited in both the foregoing citations. The equity entitling the owner of a trade-mark to an injunction to restrain infringement consists in the irreparable damage done the owner by so simulating his trade-mark as to impose on the public and palm off the infringer's goods as and for those of the owner. These questions of fact, namely, those relating to the establishment of the right of property and those relating to defendant's equitable conduct, are so diversified, and dependent upon such a variety of facts, that no preliminary injunction ought to be granted until the right of property in the mark has been established by some judgment at law or decree in equity, and until the basis of equitable interposition, as just specified, are made to clearly appear.

From the foregoing it is obvious that complainant's right to a temporary injunction depends upon whether the decision of the Commissioner of Patents in the interference declared between the complainant and the defendant is such an adjudication as establishes complainant's title to the trade-mark in question. In determining this it should be borne in mind that the interference was not declared until after the complainant had registered its trade-mark, and was declared only at the time when the defendant offered its trade-mark for registration. The act of March 3, 1881, commonly known as the "Trade-Mark Act," has a very limited application. Since the decision of the Trade-Mark Cases, 100 U. S. 82, 25 L. Ed. 550, it has been settled that Congress has no constitutional power to enact a general trade-mark law applicable to interstate transactions. Accordingly, in the adoption of the trade-mark act of 1881, Congress undertook only to deal with trade-marks used in commerce with foreign nations or with the Indian tribes. The only provision in the last-mentioned act authorizing an interference like that provided for in patent cases is found in section 3, Act March 3, 1881, c. 138, 21 Stat. 503 [U. S. Comp. St. 1901, p. 3402], and is as follows:

"In an application for registration, the Commissioner of Patents shall decide the presumptive lawfulness of claim to the alleged trade-mark; and in any dispute between an applicant and a previous registrant or between applicants, he shall follow, so far as the same may be applicable, the practice of courts of equity of the United States in analogous cases."

In the case of patents, the Commissioner of Patents is given jurisdiction in interference cases to determine the question of priority of invention. He is also given authority to establish rules for taking testimony required in cases pending in the Patent Office. Sections 4904, 4905, Rev. St. [U. S. Comp. St. 1901, pp. 3389, 3390]. In 1893 a court of appeals for the District of Columbia was established (Act Feb. 8, 1893, c. 69, 27 Stat. 434 [U. S. Comp. St. 1901, p. 1773]), and the right of appeal to that court is conferred upon any party aggrieved by the decision of the Commissioner of Patents "in any interference case." After the establishment of such a court of appeals, the case of Einstein v. Sawhill, 65 O. G. 1918, arose, and it was held in that case that the provision authorizing appeal "in any interference case" was limited to patent interference cases, and that it did not extend to trade-mark cases. The court, in deciding that case, uses the following language:

"All that Congress has sought to do [in trade-mark cases] is to provide a recording act of a very limited character, the better to evidence the ownership of the right."

It is there also said:

"There is, therefore, a very great difference in the relative value and importance of patents for new and useful inventions, and the scarcely more than ministerial business of the registration of a trade-mark, and there is good reason why Congress should have authorized judicial action by way of appeal in reference to the former and denied it with reference to the latter."

The fact that Congress, in the act of 1881, supra, has made no provision for adjudicating the respective rights of claimants to registra-

tion, except such as has already been referred to, which is obviously of a very doubtful and uncertain character, and the further fact that there is no provision for an appeal in such cases to any court, incline me strongly to the belief that the mere decision of a Commissioner of Patents that the defendant in this case was not entitled to have its trade-mark registered is not such an adjudication of the right of the complainant to its trade-mark as is requisite and necessary to entitle it to a preliminary injunction.

The case of Hanford v. Wescott, Fed. Cas. No. 6,022, relied upon by the complainant to establish its contention, was decided under the old trade-mark act, which was declared unconstitutional by the Trade-Mark Cases, supra, and before the act of 1881 was enacted, and, if the reasoning of that case was ever persuasive, it cannot be considered so in the light of the changes in the law since it was rendered.

I purposely refrain from any comments concerning the merit of the controversy between complainant and defendant, as they must be determined on final hearing upon the merits.

The motion for a preliminary injunction will be denied.