### A. LESCHEN & SONS ROPE CO. v. BRODERICK & BASCOM ROPE CO.

(Circuit Court of Appeals, Eighth Circuit. December 24, 1904.)

No. 2,055.

1. TRADE-MARKS—UNFAIR COMPETITION—FEDERAL COURTS—JURISDICTION.

In a suit between citizens of the same state for infringement of a trademark, the federal court has no jurisdiction of an issue of alleged unfair competition; its jurisdiction being confined to the trade-mark as registered.

[Ed. Note.—Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

2. SAME—REGISTERED MARK.

In a suit in the federal courts for infringement of a trade-mark between citizens of the same state, the validity of the trade-mark depends on the mark as registered, and not as used by complainant in the manufacture of its goods.

3. SAME—COLORED STRAND OF WIRE.

An alleged trade-mark, consisting simply of a colored strand in a wire rope, not restricted to any particular color, is invalid.

4. SAME—REGISTERED MARK.

A registered trade-mark, consisting of "a red or other distinctively colored streak applied to or woven in a wire rope," without further describing the streak, was too indefinite to be sustained as a valid trademark.

Appeal from the Circuit Court of the United States for the Eastern District of Missouri.

See 123 Fed. 152.

George H. Knight and James C. Jones, for appellant.
James P. Dawson (Dawson & Garvin, on the brief), for appellee.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. Both complainant and defendant are corporations organized under the laws of the state of Missouri, and are engaged in manufacturing wire rope in that state. The complainant has registered a trade-mark under the act of March 3, 1881, c. 138, 21 Stat. 502 [U. S. Comp. St. 1901, p. 3401], which it claims the exclusive right to use, as indicative of its manufacture. In its statement filed with the Commissioner of Patents, it describes its trade-mark as follows:

"The trade-mark consists of a red or other distinctively colored streak applied to or woven in a wire rope. The color of the streak may be varied at will, so long as it is distinctive from the color of the body of the rope. The essential feature of the trade-mark is the streak of distinctive color produced in or applied to a wire rope. This mark is usually applied by painting one strand of the wire rope a distinctive color, usually red."

The appellant, who was complainant below, filed its bill to restrain the defendant from infringing this trade-mark. The trial court sustained a demurrer and dismissed the bill.

Much is said in the brief of appellant to the effect that the defendant has been guilty of unfair trade competition by palming off on the public ropes of its manufacture as complainant's rope. This is a subject, however, over which the federal courts have no jurisdiction. Complainant and defendant are both citizens of the same state, and for this reason jurisdiction is confined to the trade-mark as registered. If that mark is invalid, the federal courts are without authority to grant any relief on the ground of unfair trade competition. Elgin National Watch Co. v. Illinois Watch Case Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365.

Is, then, the trade-mark as registered a valid trade-mark? We do not think it is. Throughout their brief, counsel for appellant refer to its trade-mark as a "strand of a wire rope of a distinctively different color from the other five strands of the rope." That is not, however, the trade-mark claimed in the statement as filed. The court has no power to make such a restriction. It is the registration, and not the manufacture, which controls the federal courts in determining the validity of a trade-mark when plaintiff and defendant are citizens of the same state. If the statement is so general as to render the mark described invalid as a trade-mark, the court cannot sustain a more restricted mark which the claimant actually uses in his manufacture. "The plaintiffs have not restricted themselves to any particular description of goods comprised in such class. Their registration must stand or fall as a whole, for that to which they declare in their registration they intend to appropriate it. There is no provision in regard to trade-marks, such as there has been and is in regard to patents for inventions, that a suit may be maintained where the grant is valid as to a part, but not as to the whole." Smith v. Reynolds, 22 Fed. Cas. 638, No. 13,098 (Blatchford, J.).

Furthermore, we do not think that a mark which consists simply in a colored strand in a wire rope, but is not restricted to any particular color, can be sustained as a valid trade-mark. In such a case it is the color which constitutes the mark, and not its configuration, and a right to vary the color indefinitely would destroy that distinctive character

which must inhere in a valid trade-mark. This was the holding of Judge Lowell in the case of Dodge Mfg. Co. v. Sewell & Day Cordage Co., in the Circuit Court for the District of Massachusetts, decided July 5, 1898, but not reported. That case involved the manufacture of ordinary hemp rope. The trade-mark described in the statement was as follows:

"The general feature of said trade-mark is a colored thread, contrasting with the color of the rope, and twisted in the strands of the rope, and periodically visible along the rope."

Of this trade-mark, Judge Lowell said:

"A colored thread of some sort twisted in the rope is evidently almost or quite the only possible way of marking or identifying the rope itself, and it is in evidence that a colored thread has been commonly used for many years for such a purpose, though seldom, if ever, has it been used as a mark of origin. The defendant at one time twisted a blue thread into each strand of the transmission rope which it manufactured, but, upon notification by the complainant that confusion might arise, it ceased to do so at once, and has since used red threads instead. If the complainant has any trade-mark, it is plainly confined to blue thread, for that is the only mark the complainant ever used. To allow the complainant the exclusive right of twisting into rope threads of any and all colors would give it a monopoly of the only practicable way of marking rope. Where a trade-mark is a figure or design, the owner's right may well cover that figure or design reproduced in any color, for the identity of figure may mislead the purchaser in spite of the difference of color. In this case the defendant's red thread will emphasize the difference between its rope and the complainant's blue-thread rope, and cannot deceive anybody."

An injunction was refused to restrain the defendant from continuing to use the red thread in its manufacture.

A more serious defect, however, in the complainants' trade-mark here, arises from the fact that the mark is not confined to a colored strand of the rope. It is described throughout the statement as a "streak." This term is wholly indefinite. A streak might be a straight line running lengthwise of the rope, it might run as circles around the rope, or it might run in spirals, as is indicated by the picture of a section of the rope which accompanies complainants' statement. There is no claim that complainants, in their manufacture, ever ranged through the various forms and colors covered by their statement as filed. It is quite likely that they have confined themselves to a distinctive color of one of the several strands of the rope. This, however, is not the language in which their claim is embodied in the statement filed with the Commissioner of Patents, and the court is compelled to look to that statement, rather than to the manufacture, for we are not here dealing with a common-law trade-mark, based upon use, but a trade-mark claimed and described in a written statement. A trade-mark, to be valid, must be as distinctive and individual as a signature. The trade-mark claimed by the complainant has neither individuality of form nor of color. It may take any of several different forms, and each of these forms may be presented in at least all the seven primary colors. The decision of the lower court is affirmed.