A. LESCHEN & SONS ROPE CO. v. MACOMBER & WHYTE ROPE CO.

(Circuit Court, N. D. Illinois, E. D.   December 18, 1905.)

No. 27,001.

TRADE-MARKS—VALIDITY—COLORED STREAK IN WIRE ROPE.

A registered trade-mark, described as consisting of "a red or other distinctively colored streak applied to or woven in a wire rope," is invalid, not only because there can be no valid trade-mark in color alone, but for the further reason that it contains no distinctive design, but attempts to monopolize the right to use any streak of any color, however produced in or applied to a wire rope.

In Equity.   Suit for infringement of trade-mark and for unfair competition.

J. C. Jones and Geo. H. Knight (Ashcraft & Ashcraft, of counsel), for complainant.

Dwight B. Cheever, for defendant.

KOHLSAAT, Circuit Judge.   Complainant files this bill to restrain the use by defendant of complainant's registered trade-mark, No. 35,552, issued December 4, 1900, and to enjoin unfair competition in trade. Complainant and defendant both are manufacturers of wire rope.   Complainant is a Missouri corporation.   Defendant is a corporation organized under the laws of Illinois.   Proofs have been taken and the cause is now before the court on final hearing.

There is doubt, in view of the opinion of the Supreme Court in the case of Warner v. Searle & Hereth Co., 191 U. S. 195, 24 Sup. Ct. 79, 48 L. Ed. 145, whether the allegations of the bill and the proof are sufficient to show jurisdiction in this court.   Defendant makes no point of this, save as it affects the unfair competition feature of the case, and the matter is presented for consideration upon the merits.

Complainant's trade-mark as registered is described in its statement as follows:

"The trade-mark consists of a red or other distinctively colored streak applied to or woven in a wire rope.   The color of the streak may be varied at will, so long as it is distinctive from the color of the body of the rope.   The essential feature of the trade-mark is the streak of distinctive color produced in or applied to a wire rope.   This mark is usually applied by painting one strand of the wire rope a distinctive color, usually red."

The proof shows that since 1886 complainant company has painted red in color one of the strands of a certain brand of its wire rope, called by complainant and known to the trade as "Hercules" rope.   In June, 1903, defendant company put upon the market a brand of rope known as "Monarch" brand, one strand of which was painted white, and in September of that year defendant registered in the Patent Office as its trade-mark the representation of a lion's head surrounded by two circles of the rope, one strand in each circle being painted white, and with the word "Monarch" written in curved form on the circles of rope above the lion's head.   Defendant uses on the side of its rope reels for this brand of wire rope, which is its best quality of rope, and on its stationery the said Monarch trade-mark, and below the trade-mark ap-

pear the words "Always one Whyte strand." To designate the brand of Hercules rope, for which great superiority is claimed, complainant uses in a similar way a pictorial representation of a section of wire rope, one strand of which is painted red.

The practical difficulty that confronts the manufacturer who desires to safeguard against the substitution of another, and perhaps inferior, article for his brand of wire rope, arises when the rope is sold in less than reel lots. Any trade-mark which may be placed upon the rope reel then becomes of no value as a distinguishing mark. To overcome this difficulty, complainant has for years painted one of the strands, throughout the entire length of the rope, red. Defendant met the problem by painting a strand white. There is some controversy as to whether this is the only practical way of marking wire rope so that it can afterwards be identified, but it is not necessary here to consider that question. The record does not disclose anything further in support of the unfair competition feature of the bill than the marking of the strand aforesaid. The case rests, therefore, both as to the trade-mark infringement and as a case of alleged unfair competition, upon the validity of complainant's registered trade-mark and its right to a monopoly of a red or other colored strand or streak extending throughout wire rope.

Has complainant a valid registered trade-mark? The claim is for a red or other distinctively colored streak applied to or woven in a wire rope. The claim contravenes all the requisites of a valid trade-mark as announced in an unbroken line of adjudicated cases. That there can be a trade-mark right in mere color has been denied by the courts throughout the country. Hopkins on Trade-Marks (2d Ed.) p. 243, and cases there cited; Philadelphia Nov. Mfg. Co. v. Rouss (C. C.) 40 Fed. 587; Dodge Mfg. Co. v. Sewell & Day Cordage Co., 142 Fed. 288 (Judge Lowell, Circuit Court, District of Massachusetts). Here complainant in its statement has not confined itself to one color, but has claimed a red or other distinctively colored streak. There is lacking definiteness of form and color. The wording of the claim embraces, not alone the weaving into a wire rope of a strand of any color, but covers every conceivable manner in which a line of color can be applied to the rope. No character of streak or relation of the streak to the rope is described, and, if the trade-mark be valid, it would subject to prosecutions for infringement any manufacturer of wire rope who put upon his product any kind of streak at any angle on the rope. Complainant could run the gamut of color and form, and still be within the wording of its registered mark. The fundamental idea of a trade-mark is that it must be a distinctive design. This element of mutability strikes at the very foundations upon which the trade-mark rests in commerce and in law.

There is also much force in the suggestions that complainant's trade-mark as registered is invalid for the reason that it is broader than the use thereof by complainant, and for the further reason that the mark is descriptive of the character of the goods; but it is not necessary to discuss these questions. I am of the opinion, for the reasons above given, that the trade-mark as registered is invalid and that this suit must fail. The validity of complainant's trade-mark was considered by Judge

Adams in the Circuit Court of the United States for the Eastern District of Missouri in the case of Complainant v. Broderick & Bascom Rope Company, and the court found against the validity of the trademark. On appeal, this finding was sustained by the Circuit Court of Appeals for the Eighth Circuit. 134 Fed. 571, 67 C. C. A. 418.

Upon a proper showing, complainant would undoubtedly be protected against unfair competition in its use of a red strand, even though the registration was invalid. Elgin Nat. Watch Case Co. v. Ill. Watch Case Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365. Upon the facts disclosed by this record, however, I cannot find that complainant's rights are invaded by the use of a white strand by defendant, and the bill is dismissed for want of equity.