A. LESCHEN & SONS ROPE CO. v. FULLER et al.

(Circuit Court of Appeals, Eighth Circuit. December 14, 1914.)

No. 4132.

1. TRADE-MARKS AND TRADE-NAMES (§ 17*)—TRADE-MARK—VALIDITY—COLORED STRAND.

"A helical stripe or band of uniform width and distinctive color, this color being usually red and produced by painting one of the strands of the rope," is not a valid common-law trade-mark of a wire rope. A colored strand, not restricted to any color, is not a valid trade-mark.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 20; Dec. Dig. § 17.*]

2. TRADE-MARKS AND TRADE-NAMES (§§ 68, 70*) — UNFAIR COMPETITION — FRAUD.

Fraud is the basis of unfair competition. The deceit or the probable deceit of the ordinary purchaser, so that he buys or probably will buy the articles of one manufacturer or vendor in the belief that they are those of another, is an indispensable attribute of a good cause of action for the simulation of the product of one party by that of another.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 79, 81; Dec. Dig. §§ 68, 70.*

Imitation or simulation of trade-mark or trade-name as unfair competition, see note to John H. Rice & Co. v. Redlich Mfg. Co., 122 C. C. A. 447.]

Appeal from the District Court of the United States for the Southern District of Iowa; Smith McPherson, Judge.

Suit by the A. Leschen & Sons Rope Company against B. A. Fuller and others. From decree for defendants, plaintiff appeals. Affirmed.

James A. Carr and Lon O. Hocker, both of St. Louis, Mo. (James C. Jones, of St. Louis, Mo., on the brief), for appellant.

James P. Dawson, of St. Louis, Mo., and C. F. Howell, of Centerville, Iowa (William E. Garvin, of St. Louis, Mo., on the brief), for appellees.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

SANBORN, Circuit Judge. This suit is a continuation of the controversy between A. Leschen & Sons Rope Company and Broderick &

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Bascom Rope Company over the asserted right of the former, which uses a red strand to mark wire rope of its manufacture, to exclude the latter from the use of a yellow strand to mark wire rope which it makes—a controversy which has received the consideration of the courts at various times since 1903. A. Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co. (C. C.) 123 Fed. 149; Id., 134 Fed. 571, 573, 67 C. C. A. 418, 420; Id., 201 U. S. 166, 170, 171, 26 Sup. Ct. 425, 50 L. Ed. 710; Same v. Macomber & Whyte Rope Co. (C. C.) 142 Fed. 289. By the decisions in the cases cited it has been determined that the registered trade-mark of the Leschen Company, consisting of a red or other distinctively colored streak applied to or woven in a wire rope, which was usually applied by painting one strand of the wire rope a distinctive color, usually red, was void, because it was too broad, in that the Leschen Company sought thereby to monopolize the use, not of one, but of all, colors to mark its rope, and too indefinite, in that the color claimed was not confined to or connected with any symbol or design which might be the subject of a trade-mark. 201 U. S. 170, 171, 26 Sup. Ct. 425, 50 L. Ed. 710; 134 Fed. 571, 67 C. C. A. 418.

The Leschen Company has been making and selling wire rope with one strand colored red since 1886, and the Broderick Company has been making and selling wire rope with one strand colored yellow since 1900. The defendants below, the respondents here, are partners as Hercules Manufacturing Company, and under that name have been making and selling the Hercules stump puller and the necessary equipment, including wire rope, for its operation ever since 1900. They are not and have not been engaged in the manufacture of wire rope, but they purchase such rope of the manufacturers to equip their stump pullers, and sell the latter with their requisite equipment, and also buy and sell wire rope. Since the year 1908 they have been buying of the Broderick Company their yellow strand wire rope to complete the equipment of their stump pullers, and have been selling the stump pullers with the necessary amounts of this wire rope as parts of their equipment. It was in 1906 that the Supreme Court finally affirmed the decree dismissing the suit of the Leschen Company against the Broderick Company for the alleged infringement of its registered trade-mark on the ground that it was void on account of its breadth and indefiniteness. Bowing to the decision in that case the Leschen Company has brought this suit against the defendants for the alleged infringement by their purchase and use of Broderick's yellow strand rope of (1) its common-law trade-mark, consisting of "a helical stripe or band of uniform width and distinctive color, usually red, and produced by painting one of the strands of the rope," called "colored strand rope," or "colored strand cable," or "red strand rope," or "red strand cable"; and (2) its registered trade-mark, "Hercules," which it uses on its reels and on its tags upon its wire rope—and also for unfair competition. The defendants answered that the plaintiff's alleged trade-marks were void, that, if valid, they have not infringed them, that they had not been guilty of unfair competition, and that the plaintiff was estopped by the adjudication in its suit against the Broderick

Company, and by its words and acts from maintaining this suit. A large amount of evidence was gathered, a final hearing was had, the court below dismissed the suit, and the Leschen Company appealed. The plaintiff assigns eight errors.

The first and second specifications are that the court erred in failing to sustain the complaint and to grant the relief prayed therein. They are disregarded now, because they are so indefinite, and because those which follow specifically state the grounds of the appeal.

[1] The third and fourth specifications are that the court erred in that it failed to hold "upon the evidence that complainant's practice of painting red one of the strands of its wire rope created a trademark in favor of the complainant," of which the sale by defendants of wire rope having one strand painted yellow was an infringement, in view of the complainant's long-continued practice "of marketing its wire rope with one strand painted red under claim and notice of trademark therein." It is not very clear, from the pleadings, evidence, and brief, exactly what this strand trade-mark claimed by the plaintiff is; but it is reasonably certain that it is either (1) "a helical stripe or band, of uniform width and distinctive color, this color being usually red, and produced by painting one of the strands of the rope," as alleged in the complaint, or (2) a red helical stripe or band, of uniform width, produced by painting one of the strands of the wire rope red. If it is the former, it cannot be sustained, because such a stripe, without designation of its distinctive color, is not the subject of a trade-mark. If it were, one party might exclude all others from the use of every color on an article, although he used but one thereon himself. A colored strand, not restricted to any color, is not a valid trade-mark. A. Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 134 Fed. 571, 573, 67 C. C. A. 418, 420; Samson Cordage Works v. Puritan Cordage Mills, 211 Fed. 603, 604, 607, 128 C. C. A. 203. If it was the latter, and if that is a valid trade-mark, it is so because, and only because, it is limited to a red stripe or strand, and that limitation permits the use by others of wire ropes with strands of other colors, and the defendants do not infringe that trade-mark because they use a yellow strand.

The sixth specification is that the court ought to have held and decreed that the word "Hercules" constituted a valid trade-mark of the complainants, and that the defendants had infringed it. About the year 1886 the Leschen Company commenced to use as its trademark the word "Hercules" upon the reels containing its wire rope and on tags attached to the rope, and it has continued to do so ever since. It registered this word as its trade-mark of its wire rope under the acts of Congress on September 25, 1888, and again on January 23, 1906. From about the year 1900 to the present time the firm name of the defendants has been Hercules Manufacturing Company, and they have used and are using that name, cast upon various castings, which form parts of their stump puller and its appropriate equipment. From 1900 to 1909 they purchased from the plaintiff the Hercules red strand wire rope, which it manufactured to complete the equipment of their stump pullers. From 1908 until the present time they have purchased

of the Broderick Company the yellow strand wire rope, which it has made for the same purpose.

The complainant's claim of infringement is that, while using this yellow strand rope as a part of the equipment of its stump puller since 1908, the defendant sold and advertised for sale this wire rope and various fittings of its stump pullers, such as take-ups, couplings, hooks, etc., marked with the word "Hercules." The record discloses the fact that from 1900 to 1908, while the defendants were using complainant's wire rope, they advertised it as the Hercules wire rope, and used cuts of it furnished by the complainant for advertising purposes, and that at the same time they advertised and sold their stump pullers as the Hercules stump pullers. During this time the word "Hercules" frequently appeared in the advertising matter of the defendants to describe the red strand cable, and also to describe the stump puller. There is evidence in the record that in a few instances advertising matter was used by the defendants after 1908, while they were buying and selling the yellow strand cable, which tended to designate that cable as the Hercules cable. But, when all the evidence on this subject is considered, it discloses an earnest and persistent endeavor by the defendants to distinguish the yellow strand cable which it was using and selling from all others, and to sell it on its merits, and not on the merits of the Hercules cable.

Conceding that the complainant had a valid trade-mark for its wire rope in the word "Hercules," nevertheless that fact did not deprive the defendants of the right to the free use of that word to designate their firm and their stump puller, for neither the one nor the other was of the same class as the wire rope. Nor did the fact that the complainant had the exclusive right to the use of the word "Hercules" to designate the wire rope it made deprive the defendants of the right to buy, use, and sell, either with or without its stump puller, rope made by others. In view of the established facts that yellow strand wire rope might be lawfully used and sold, and was used and sold, by the Hercules Manufacturing Company as a part of the equipment of their Hercules stump puller, immediately after their use and sale of the Hercules wire rope with those stump pullers, it was natural and almost unavoidable that the name of the Hercules wire rope formerly used should creep, inadvertently for a time after the change, into the advertising of the yellow strand rope; but the evidence produced by the plaintiff falls far short of establishing any deleterious infringement by the defendants of the plaintiff's trade-mark "Hercules," and the sixth specification of error cannot be sustained.

The fifth, seventh, and eighth specifications are that the court erred in that it did not find that the defendants had been guilty of unfair competition by their use of the word "Hercules," by their use of red color, by their use of the words "colored strand," and by their use of the words "Grand Prize" in connection with the wire rope.

[2] The sale of goods by one manufacturer or vendor as those of another is unfair competition, and it constitutes a fraud which a court of equity may lawfully prevent by injunction. The fraud is the basis of the suit for such relief. The deceit, or the probable deceit,

of the ordinary purchaser, so that he buys, or probably will buy, the articles of one manufacturer or vendor in the belief that they are those of another, is an indispensable attribute of good cause for such a suit. The test of the existence of this attribute is whether the simulation of the other manufacturer's or vendor's goods will probably deceive a purchaser who exercises ordinary prudence, and the burden is on the plaintiff to prove the fraud by a substantial preponderance of the evidence. Centaur Co. v. Marshall, 97 Fed. 785, 788, 38 C. C. A. 413, 416; Kann v. Diamond Steel Co., 89 Fed. 706, 711, 712, 32 C. C. A. 324, 329, 330. The examination of the evidence relative to the use of the word "Hercules," to which reference has already been made, leaves no doubt that the defendants did not so use that word that it would be likely to deceive purchasers who used ordinary care.

The complaint of the use of red color rests on the fact that, while the defendants were using the red strand rope their advertising matter contained little red color beyond the color of the red strand of the rope in the cuts, while after it commenced to use the yellow strand rope it painted its stump pullers red and used the red color freely in its advertising. These facts, however, are not persuasive of fraudulent simulation, because in that advertising the defendants clearly showed that the rope they were selling was characterized by a yellow strand, and the contrast of the red of the stump puller and of the advertisements and the yellow strand in the rope would serve rather to give notice to purchasers that it was not Leschen Company's rope than to induce them to buy it in the belief that it was such.

Counsel complain of the use by the defendants of the words "colored strand." The Broderick Company, from whom defendants bought their yellow strand rope after 1908, has been making and selling it in competition with the Leschen Company's red strand rope since 1900. The Leschen Company originally advertised their rope as Hercules rope. From 1894 until 1904 they advertised it as "Hercules red strand" rope. From 1904, when they were pressing their suit against the Broderick Company for infringement of their claimed trade-mark, consisting of the distinctively colored streak, until 1912, they advertised it as "Hercules colored strand rope," and thereafter as "Hercules red strand rope." During the years from 1904 until 1908, while the defendants were buying and using the Hercules rope, they advertised and sold it, as did the plaintiff, as "colored strand" rope. After they commenced to buy and sell the yellow strand rope, instead of the red strand rope, they called the yellow strand rope colored strand rope in many of their advertisements and correspondence prior to the year 1912. In the year 1911 they discontinued the use of these words "colored strand" in advertising it, describing it, and corresponding about it. The yellow strand rope, however, was in fact a colored strand rope, the courts had decided that the plaintiff could have no trademark in a colored strand which was not restricted to any color, the defendants and their vendors, the Broderick Company, while they were using these words "colored strand," persistently and clearly represented the wire rope they were handling to be the yellow strand rope, both in their advertising matter and otherwise, and the evidence

upon this subject fails to satisfy that the defendants' use of the words "colored strand," when it is considered, as it must be, in connection with the use of all its advertising matter, probably induced, or would probably deceive the ordinary purchaser into, buying the yellow strand rope as the red strand rope of the plaintiff.

It is claimed that the defendants were guilty of unfair competition by reason of their use of the words "Grand Prize." In 1905 the St. Louis World's Fair awarded the Leschen Company a grand prize on "Cables and System of Power Transmission." Thereupon the Leschen Company and the defendants, who were purchasing and using its red strand rope, advertised and sold it as "Grand Prize" wire rope. In some of their catalogues and advertising matter issued between 1908 and 1912, when they were using and selling the yellow strand rope, the defendants represented it to be grand prize wire rope; but at the same time their catalogues and advertising matter clearly disclosed the fact that it was not red strand rope, but was yellow strand rope. Here, again, the court is unable to find from the evidence that the defendants' use of these words ever so deceived, or would probably deceive, an ordinary purchaser as to lead him to buy the yellow strand rope in the belief that it was the product of the plaintiff. Moreover, there is no evidence in the record that the plaintiff ever received a grand or any other prize on its red strand wire rope, and its application for an injunction against the use by the defendants of the probably mistaken designation by the plaintiff of its wire rope as grand prize rope does not appeal to the conscience of a court of equity with persuasive force.

A careful examination of the entire record in this case has led to the conclusion that there was no error or mistake in the disposition of this suit, and the decree below is affirmed.