## In re JOHNS-MANVILLE, Inc.

(Court of Appeals of District of Columbia. Submitted November 14, 1924. Decided December 1, 1924.)

No. 1686.

Trade-marks and trade-names and unfair competition ⬧43—Colored band to be placed on inside wall at end of cylindrical pipe covering not subject to registration as trade mark.

A mark consisting of a colored band, not restricted to any distinctive color, placed on the inside wall and at one end of a section of cylindrical pipe covering, *held* not subject to registration as trade-mark.

Appeal from the Commissioner of Patents.

In the matter of the application of Johns-Manville, Incorporated, for registration of trade-mark. From a decision of the Commissioner of Patents, denying registration, the applicant appeals. Affirmed.

P. Parker-Smith, of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from the decision of the Commissioner of Patents, denying registration of a mark described by the Commissioner as follows: "A mark consisting of a colored band, preferably of paper, placed on the inside wall and at one end of a section of cylindrical pipe covering. While originally the band was described as red in color, subsequently the application was amended to eliminate reference to any particular color; so registration is now sought for a band of any color placed in the position above noted."

We agree with the tribunals of the Patent Office that this case is conclusively controlled by the case of A. Leschen & Sons Rope Co. v. Macomber & Whyte Rope Co. (C. C.) 142 F. 289, in which the court held that a color streak in a wire rope could not constitute a valid trade-mark, since there can be no valid trade-mark in color alone. Nor does the contention of appellant that the restriction of the application of the mark to a specific manner strengthen its case. Inasmuch as appellant's band is not restricted to any distinctive color, it possesses no feature, irrespective of the manner of application, which would tend to distinguish the goods or their origin.

The present case falls within the decision of this court in Leschen & Sons Rope Co. v. Fuller et al., 218 F. 787, 134 C. C. A. 570; and also within the decision of the Supreme Court in Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U. S. 166, 26 S. Ct. 425, 50 L. Ed. 710.

The decision of the Commissioner of Patents is affirmed.