In re GOTHAM SILK HOSIERY
CO., Inc.

Court of Appeals of District of Columbia.
Submitted May 9, 1927.   Decided
May 26, 1927.

No. 1939.

Trade-marks and trade-names and unfair competition ☞43—Trade-mark, consisting of colored stripe woven into stocking, held not registerable.

Trade-mark, "consisting of a colored stripe of narrow width woven into a stocking at a point adjacent where the upper welt of the stocking joins the body of the same, and parallel thereto, the color of the stripe being distinctively different from that of the stocking," held not subject to registration.

Appeal from the Commissioner of Patents.

In the matter of the application of the Gotham Silk Hosiery Company, Inc., for registration of trade-mark. From a decision of the Commissioner of Patents, denying registration, applicant appeals. Affirmed.

W. A. Darby, of New York City, and C. M. Thomas and F. D. Thomas, both of Washington, D. C., for appellant.

T. A. Hostetler, of Washington, D. C., for Com'r of Patents.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.   Appeal from a decision refusing registration of a trade-mark applied for by appellant.

The appellant company applied for registration of its alleged trade-mark for hosiery, "consisting of a colored stripe of a narrow width woven in a stocking at a point adjacent where the upper welt of the stocking joins the body of the same, and parallel thereto, the color of the stripe being distinctively different from that of the stocking." Continuous use of the trade-mark since March, 1911, was alleged by applicant. Applicant also cited a former registration, granted it in February, 1913, for a golden stripe in a stocking. It may be noted that in the former registration cited by appellant the specification called for a golden stripe,

whereas the present application contains no limitation as to the color of the stripe.

Registration of the mark was refused by concurrent decisions in the Patent Office, from which this appeal is taken.

We think the rejection of appellant's application is sustained by In re Johns-Manville, 55 App. D. C. 142, 2 F.(2d) 944, and by the Leschen Case (C. C. A.) 218 F. 786, and the cases therein cited.

In the Leschen Case, supra, it was held by the Circuit Court of Appeals, Eighth Circuit, that a helical stripe or band of uniform width and distinctive color, this color being usually red and produced by painting one of the strands of rope, is not a valid common-law trade-mark of a wire rope, and that a colored strand, not restricted to any color, is not a valid trade-mark. It was stated by Mr. Justice Sanborn that a registered trade-mark of this character was void, "because it was too broad, in that the Leschen Company sought thereby to monopolize the use, not of one, but of all, colors to mark its rope, and too indefinite, in that the color claimed was not confined to or connected with any symbol or design which might be the subject of a trade-mark."—Citing A. Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U. S. 170, 171, 26 S. Ct. 425, 50 L. Ed. 710; Id. (C. C. A.) 134 F. 571; A. Leschen & Sons Rope Co. v. Macomber & Whyte Rope Co. (C. C.) 142 F. 289.

In the Johns-Manville Case, supra, it was held by this court that a mark consisting of a colored band, preferably of paper, not restricted to any distinctive color, placed on the inside wall and at one end of a section of cylindrical pipe covering, was not subject to registration as a trade-mark; inasmuch as the band is not restricted to any distinctive color, it possesses no feature, irrespective of the manner of application, which would tend to distinguish the goods or their origin. See, also, Newcomer & Lewis v. Scriven Co. (C. C. A.) 168 F. 621; Samson Cordage Works v. Puritan Cordage Mills (C. C. A.) 211 F. 603, L. R. A. 1915F, 1107; Gandy Belting Co. v. Victor-Balata Co. (D. C.) 215 F. 795.

The present case is ruled by the foregoing authorities.   The decision of the Commissioner of Patents is accordingly affirmed.