### FLEISCHMANN and others v. STARKEY.

*(Circuit Court, D. Rhode Island. May 14, 1885.)*

TRADE-MARK—COLOR OF LABEL APART FROM NAME OR DEVICE.

 The color of a label, apart from a name or device, cannot be the subject-matter of a trade-mark.

In Equity.

*Chas. E. Mitchell* and *Oscar Lapham*, for plaintiffs.

*C. H. Johnson* and *C. F. Parkhurst*, for defendant.

COLT, J. The complainants are the owners of certain trade-marks used upon their packages of compressed yeast, and they charge the defendant with an unlawful imitation of the same. It is clear, on a comparison of the labels, that the defendant is not guilty of any infringement unless the use of a yellow-colored label makes him chargeable. The position is taken by the complainants that the essential part of their trade-marks consists of a label having a yellow color, and that, therefore, they cover all yellow-colored labels used upon compressed yeast, and that the use by the defendant of a yellow-colored label upon the compressed yeast made and sold by him constitutes an unlawful imitation of their trade-marks. The defendant has taken no testimony. The evidence of the complainants goes to prove that yeast with a yellow label sells readily, while yeast with a white label, or any color other than yellow, sells with difficulty,—the cause of this being the reputation acquired in the market of the article manufactured by the complainants; and, further, that the public are deceived into buying other and inferior yeast having a yellow label as the genuine yeast made by them. This case narrows itself down to the question whether a label of a single color, like the one in controversy, is the lawful subject of a trade-mark apart from any name, figure, or device with which it may be connected, so that a person who adopts a similar color upon his label may be charged with an unlawful imitation. Color often serves as the groundwork of a trade-mark, and

it may be a very essential element in its composition. In determining the question of infringement it is often a very important circumstance. Browne, Trade-marks, §§ 263, 265, 267. But the term "mark" implies form rather than color, and it consists of some peculiar name, symbol, figure, letter, or device whereby one manufacturer distinguishes his goods from like goods sold by other persons. *Falkinburg* v. *Lucy*, 35 Cal. 52. The color of a label, apart from a name or device, can hardly be the subject-matter of a trade-mark. The effect would be that a single manufacturer might acquire the exclusive right to the use of labels of a certain color, or to the colored paper in which his goods might be wrapped. This might seriously interfere with trade and with legitimate competition. Browne, Trade-marks, §§ 271, 272. Whatever view may be taken by the French courts in the cases referred to by the learned counsel for complainants, we know of no American or English authority which goes to this extent. On the contrary, so far as the point has been touched upon in the adjudicated cases which have come to our notice, an opposite conclusion seems to have been reached. *Falkinburg* v. *Lucy, supra; Faber* v. *Faber*, 49 Barb. 357.

It follows that the defendant, in using a label of a yellow color, is not guilty of any infringement of complainants' trade-marks, and that the bill should be dismissed.