### Davis and others *v.* Davis and others.

*(Circuit Court, D. Massachusetts. May 5, 1886.)*

1. TRADE-MARKS—INFRINGEMENT.
    Soap packed in a box, with alternate red and yellow wrappers, so as to produce a representation of a trade-mark of the same combination of colors, is not an infringement of that trade-mark.
2. SAME—WHAT WILL BE PROTECTED.
    A peculiar method of arranging soap in a box is not a trade-mark which can be legally registered.

In Equity. Motion for preliminary injunction.
*W. B. H. Dowse* and *E. B. Hale,* for complainants.
*T. L. Wakefield,* for defendants.

CARPENTER, J. This bill is brought to enjoin certain alleged infringements of the trade-mark of the complainants, registered June 2, 1885, and numbered 12,279. It appears that the trade-mark of the complainants, and also the alleged infringements thereof, are used in commerce with the Dominion of Canada. The trade-mark is described as follows in the statement annexed to the certificate of registry:

"Our trade-mark consists of a label bearing a representation of the device or design produced by the means and arrangement used by us in packing our cakes or bars of soap in boxes. We fold each cake or bar of soap in either a

red or a yellow wrapper, and pack the cakes or bars thus folded in a box, so that the red and yellow wrappers alternate. \* \* \* As the label is a reproduction of the appearance which the soap presents when packed, as described, in a box, it is obvious that bars or cakes of soap simply wrapped and arranged in a box, as described, is one method of producing our trade-mark, \* \* \* the essential feature of which is the device produced by the combination and alternate arrangement of red and yellow spaces, substantially as described."

This trade-mark, although, in the words of the statement, it "consists of a label," is not attached in any way to the soap sold by complainants. In practice the label is made of the same size as the box of soap, measuring on the inside, and is placed in the box on the upper layer of bars of soap, and is by the retail tradesman taken out, and used as a show-card.

The complainants allege that the respondents infringe this trade-mark in two ways: *First*, they give to their customers a shallow box containing cakes of soap of the same length and breadth as those sold by them, but much thinner, and inclosed in red and yellow wrappers, and arranged alternately by colors, as in the drawing of the trade-mark. This shallow box is exposed to view by the retail tradesman, and serves the purpose of a show-card advertisement. The trade-mark of the complainants, therefore, is a representation, or, if the word may be allowed, a picture, of the top of an open box of soap. It seems entirely clear to me that such a trade-mark cannot be infringed by the use of a real box of soap, of whatever size or shape, or whatever may be the color or arrangement of the wrappers. It seems to me to be impossible to say that any physical object can be, in the nature of things, a colorable imitation of a picture or representation of that object. Still further, it is to be observed that there is a very great difference in appearance between a box of soap, and a printed label representing the upper layer of soap therein contained. The most careless observer could not confound one with the other. I therefore conclude that there is no infringement by the use of the advertising box, unless, indeed, it be an infringement of the rights of the complainants to sell soap wrapped in red and yellow wrappers, arranged alternately in the box in which it is packed.

But the complainants claim, in the second place, that their trade-mark is infringed by the sale of soap wrapped and arranged in boxes in the same manner used by them. Undoubtedly the terms of the statement are broad enough to cover the boxes of soap sold by respondents. The statement expressly says that "bars or cakes of soap simply wrapped and arranged in a box, as described, is one method of producing our trade-mark." But I am of opinion that the registration, in so far as it can be interpreted to cover the sale of boxes of soap, is entirely void, for the reason that the object or thing thus included in the description is not such a thing as can lawfully be registered as a trade-mark. A trade-mark is some arbitrary or representative device attached to or sold with merchandise and serving to

designate the origin or manufacture of that merchandise. I do not think that the merchandise itself, or any method of arranging the various packages, can be registered as a trade-mark. In the very nature of the case, as it seems to me, the trade-mark must be something other than, and separate from, the merchandise. It is not, of course, claimed that the colors used in the wrappers can be in themselves the subject of a trade-mark registration; nor is it claimed that the wrappers themselves constitute the trade-mark. The claim is that the trade-mark consists in the arrangement of the colors in the wrappers. This seems to me to be no less than a patent for an idea, under the guise of the registration of a trade-mark. I do not think that, in any possible view, the claim can be sustained.

There is evidence, also, which makes it most probable that the method of packing soap in alternate red and yellow wrappers was adopted by B. T. Babbitt, of New York, at about the same time it was adopted by the complainants. Taking that view of the evidence which is most favorable for the complainants, it appears that for about four years before their application for registration Babbitt had used the alleged trade-mark without objection or interference. The complainants, indeed, produce samples of the boxes of soap sold by themselves and by Babbitt, and they point out that the colors used by Babbitt are of widely different quality and shade from those used by themselves. Undoubtedly the colors used by Babbitt are pale and dull, and those used by complainants are strong and bright. But Babbitt uses red and yellow, and the statement of the trade-mark specifies no particular shade or quality of color. It would be, I think, difficult to say on this evidence that complainants had the exclusive right to use their alleged trade-mark at the time they made application for registration.

The motion for preliminary injunction will be denied.