## MUMM *et al.* v. KIRK.

(*Circuit Court, S. D. New York.* December 17, 1889.)

TRADE-MARKS—INFRINGEMENT—INJUNCTION.
  The use of a capsule of the same color as that used by complainants on bottles of champagne will not be enjoined, where there is no attempt at deception thereby, and where other labels used by defendant are so unlike those of complainants that no mistake could arise between them.

In Equity. On bill for injunction.
*Roland Cox,* for complainants.
*Louis C. Raegener,* for defendant.

COXE, J. The complainants, in France, and the defendant, in this state, are engaged in the production of champagne wine. The wines of both are sold in this country. The complainants use a rose-colored capsule upon bottles containing wine made by them known as "Extra Dry." They seek by this suit to prevent the defendant from using a capsule of similar color. It is conceded that he has the right to the words "Extra Dry," and that he may offer his wine to the public in the conventional champagne bottle with a capsule of any color except rose-color. No fraud is proved. There is no attempt to show that any one has been misled or has ever bought the defendant's wine for the complainants' wine. Indeed, it must be admitted that deception is absolutely impossible, unless practiced by some one other than the defendant. When the wine leaves his hands no rational being can mistake it for the complainants' wine. The defendant's bottles are provided with labels emphatically unlike the complainants' labels, which announce that the wine is made by the Pleasant Valley Wine Company, and is known as "H. B. K." But the complainants argue that, in the process of cooling, the labels are liable to drop off, and that a dishonest bar-tender might, by leaving the neck of the defendant's capsule on the bottle, induce an ignorant or unwary purchaser to take it for the complainants' wine, even though the complainants have their firm name embossed in large letters upon the capsule. That this might be done is possible, but it is not probable. A man of average intelligence, exercising ordinary care, could readily ascertain the difference. If the large label were washed off, the small one would still remain. If that were removed also, the lettering on the top of the capsule, the absence of lettering on its neck, and the name on the liberated cork would still be left to tell the story. In addition, there would be the absence of complainants' narrow neck label and metal cap for the cork, and also the difference in the flavor of the wine itself. If, in spite of all this, he were imposed upon, he certainly would not be undeceived by a different colored capsule. The part played by it would be infinitesimal and unnecessary. If the vendor happened to be a knave, and the purchaser an imbecile, all manner of

imposition might be practiced, especially if previous potations had combined with nature to make the latter oblivious to surrounding occurrences. For such conditions, however, the defendant is not responsible. In short, infringement in this cause is reached through such a succession of improbable "ifs" that the doctrine, if pushed a few steps further, would drive all competitors from the field. The law cannot be so refined; it cannot deal with hypothesis and conjecture. The defendant is not an impostor. He is not representing himself or his wares in a false light. He is openly and plainly advertising his wines to be exactly what they are. It was necessary for him to use a capsule of some kind. Almost all colors harmonious for this use, such as gold, silver, and white, had previously been appropriated by other dealers in champagne. He could hardly select a capsule without coming in contact with some of them. He chose rose-color, as he had a right to do. If he had simulated the complainants' labels in other respects, a different proposition would have been presented. As it is, there is nothing of which to predicate a decree against him. No authority has been cited which, in my judgment, sustains the advanced position contended for by the complainants. The bill is dismissed.