DODGE MFG. CO. v. SEWALL & DAY CORDAGE CO.

(Circuit Court, D. Massachusetts. July 5, 1898.)

No. 844.

1. TRADE-MARKS—REGISTRATION.

The registration of a trade-mark by a rope manufacturer, consisting of a colored thread twisted in one of the strands of the rope, had no legal effect except to indicate that such manufacturer claimed the trade-mark set forth in its application at the time of the registration.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trade-Marks and Trade-Names, § 53.]

2. SAME—SCOPE OF TRADE-MARK.

Where a rope manufacturer adopted a blue thread twisted into one of the strands of its rope as a trade-mark, which was the only practicable way of marking rope, such manufacturer was not entitled to restrain another manufacturer from using a thread of a different color.

In Equity.

Samuel L. Powers and Charles P. Searle, for complainant.

Nichols & Cobb, for defendant.

LOWELL, District Judge. Since 1886, or thereabouts, the complainant has twisted a blue thread into one of the strands of the so-called "transmission rope" which it manufactures. In 1888 it registered as a trade-mark a colored thread so twisted. This registration had no legal effect except to indicate that the complainant then claimed the trade-mark set forth in its application. A colored thread of some sort twisted in the rope is, evidently, almost or quite the only possible way of marking or identifying the rope itself, and it is in evidence that a colored thread has been commonly used for many years for such a purpose, though seldom, if ever, has it been used as a mark of origin. The defendant at one time twisted a blue thread into each strand of the transmission rope which it manufactured, but, upon notification by the complainant that confusion might arise, it ceased to do so at once, and has since used red threads instead.

If the complainant has any trade-mark, it is plainly confined to a blue thread, for that is the only mark the complainant ever used. To allow the complainant the exclusive right of twisting into rope threads of any and all colors would give it a monopoly of the only practicable way of marking rope. Where a trade-mark is a figure or design, the owner's right may well cover that figure or design reproduced in any color, for the identity of figure may mislead the purchaser in spite of the difference of color. In this case the defendant's red thread will emphasize the difference between its rope and the complainant's blue thread rope, and cannot deceive anybody. It follows, therefore, that the defendant has the right to continue its present red thread manufacture. As it had ceased to use a blue thread some months before this bill was filed, and as the evidence indicates that it has acted in good faith, there is no occasion to enjoin it from using a blue thread, even if it has no right to use one. Whether it has this right or not, need not now be discussed.

Bill dismissed, with costs.