**LUFKIN RULE CO. v. MASTER RULE MFG. CO., Inc.**

Patent Appeal No. 2361.

Court of Customs and Patent Appeals.

May 28, 1930.

George B. Willcox (Charles R. Allen, of Washington, D. C., of counsel), for appellant.

Samuel E. Darby, of New York City (Fred Francis Weiss, of New York City, of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The appellee (applicant) on December 14, 1922, made application for registration, under the Trade Mark Act of 1905 (15 USCA § 81 et seq.), for rules, folding rules and extension rules, of a mark consisting of two arbitrary features, viz. (a) the words "Blue End" and (b) the coloring blue of the ends of the rules, the words to be applied by being stamped "on the wood of the rule, and upon the packages containing the same, by placing thereon a printed label upon which the trade mark is shown."

Appellant (opposer), on June 30, 1927, filed notice of opposition to the registration, alleging, in substance, that it did, "prior to applicant's claimed date of use, adopt and begin to use the trade mark 'Red End' and a distinctive color design on the end of the rule" which it has since continuously used;

that it has expended much money in advertising; that it has built up a valuable business in rules so marked; that use by applicant of its blue design and the words "Blue End" would create confusion in the trade and deceive purchasers, the goods of the respective parties being identical; that it is the owner of trade-mark, registration No. 224,-093, issued February 15, 1927, for folding rules (this mark consisting of coloring the ends red), and that the use of its mark by applicant will work serious injury to the business of opposer.

Appellee filed answer in which denials were made of a number of the allegations of the notice. As we view it, the material portion of its answer is embraced in the following paragraphs which are also in the nature of allegations:

"4. That the Trade Mark, Registration #224,093, issued February 15th, 1927, for Folding Rules, is limited to the color 'Red,' upon the end faces of the section of the Folding Rule.

"5. Applicant further alleges that if the Opposer has a valid Trade Mark, it is so because; and only because it is limited to the color 'Red,' and that limitation permits the use by others, including the applicant, of other colors, and that the applicant does not infringe such Trade Mark because it uses the color 'Blue' upon the end faces of its Rule.

"6. Applicant further alleges that the two Marks are dissimilar, and will not result in a reasonable probability of confusion or mistake in the minds of the public."

Proof was taken only by appellant (opposer). A number of exhibits were filed, including samples of the goods of the respective parties, and there were certain stipulations as to what certain witnesses would testify if called.

The Examiner of Interferences dismissed the opposition, holding applicant entitled to registration; his decision was affirmed by the First Assistant Commissioner, and the matter is before us on appeal from the latter decision.

■ Since the competing goods are admittedly identical in character, the issue as presented to us is whether the marks are of such close resemblance as that their application to the goods would be likely to create confusion in the mind of the public or deceive purchasers. In determining this, the question must necessarily be considered in light of the legal rights, under the statute, of both parties to the proceeding, and in the light of any legal limitations inherent in marks by reason of their nature.

It is obvious that the issue in the case is not confined simply to the *words* of the respective marks, because in each instance the words are connected up in use with the feature of coloring the ruler ends.

It appears that appellant is the owner of two registrations. The first is for the words "Red End" alone. This mark was registered April 27, 1926, which was shortly after the time appellee claims to have begun the use of "Blue End" and nearly eight months prior to the latter's application. It is numbered 212,178, and was based upon an application filed October 24, 1925. The second registration, No. 224,093, bears date of February 15, 1927, and is based upon an application filed January 26, 1926. It states:

"The mark consists in coloring red the end faces of the sections of the folding rule."

Since appellee's application was made December 14, 1926, it was for a time copending with the latter application of appellant, and was pending at the time appellant's latter mark was granted registration.

Appellee's entire mark is contained in one application consisting of the words and the coloring of the ends.

In its notice of opposition appellant plead ownership of only its latter registration, the coloring of the ends, but alleged adoption and use of the word mark and proved it in taking testimony.

So far as the colored ends on the rules of the respective parties are concerned, taken alone, there is no trade-mark registration notice stamped upon them. In appellant's case its prior mark of "Red End" is printed upon the side of the rule with the notation of registration in the usual form. That portion of appellee's mark which consists of the words is likewise printed upon the side of the rule, but of course without any registration notation.

From the pleadings, proof, oral argument, and printed brief of appellant, it is obvious that its desire is to have the court hold that, by reason of its use and registration of the red-colored ends for its products, it has acquired an exclusive trade-mark right to colored ends applied to rules. Should it be held that appellee may not have blue-colored ends, on account of appellant's red-colored ends, then it would logically follow that the use of any other color on ruler ends would conflict with appellant's red-color trade-mark, and so appellant would have se-

cured a complete monopoly upon *all* colored ends for rules, through the use and registration by it of a *single* color.

To give to appellant's mark any such broad interpretation, it seems to us, would be to overrule the sound philosophy and clear reasoning of a long line of decisions, beginning with the case of A. Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U. S. 166, 170, 26 S. Ct. 425, 426, 50 L. Ed. 710.

In its brief appellant has quoted from the opinion of the court in the Leschen Case and emphasized certain sentences of it as supporting its contention here made. It seems to us that appellant misinterprets the meaning of the decision taken as a whole and even of the very sentences which it emphasizes.

In that case the registration of the trade-mark in issue said:

"The trademark consists of a red or. other distinctively colored streak applied to or woven in a wire rope. The color of the streak may be varied at will, so long as it is distinctive from the color and body of the rope.

"The essential feature of the trademark is the streak of distinctive color produced in or applied to a wire rope.

"This mark is usually applied by painting one strand of the wire rope a distinctive color, usually red."

The Supreme Court said:

"It is true that the drawing * * * shows one of the strands colored red; and if the trademark were restricted to a strand thus colored, perhaps it might be sustained; but the description of a colored streak, which would be answered by a streak of any color painted spirally *with* the strand, longitudinally *across* the strands, or by a circular streak around the rope, was held by both courts, and we think properly, too indefinite to be the subject of a valid trademark." (Italics quoted.)

When appellant sought the registration of February 15, 1927, the one which it pleads in this action, if it had not restricted its application to a specific color, or to specific colors, the Patent Office, under the rule immediately above quoted, would have been compelled to reject it, or had it been granted, then, upon an appearance in court, it would have gone the way of the wire rope color trade-mark of Leschen & Sons in the case cited.

By confining its application to a specific color it secured registration. The validity of that registration is not in issue before us, and we have no concern with it, but the issue here presented necessitates its interpretation, accepting it as valid.

One clear meaning of the Supreme Court's decision in the Leschen Case is that a registrant may not, under a general color description in its registration, secure a valid trade-mark upon one specific color. Here appellant seeks upon the basis of a registration of one specific color to secure in effect an exclusive trade-mark right as to all colors.

The courts would have denied appellant protection as to one had it tried by a *general* color designation to have obtained exclusive rights in all. Here he asks a court to protect him against all because he has secured registration of one.

This we think the court cannot do. Appellant is entitled to such protection as is possible upon what it has—a registration of the color *red* upon rule ends with the also registered words "Red End" indicating the so-called design, but the general color field is not foreclosed to others engaged in the same art, and, since appellee is entitled to use the blue color upon its rule ends, it is also entitled to use the words which indicate its so-called design—"Blue End."

In view of the emphasis placed by appellant upon certain quoted sentences from the Supreme Court's opinion in the Leschen Case, supra, we advert to them. It is said:

"* * * If color be made the essential feature, it should be so defined, or connected with some symbol or design, that other manufacturers may know what they may safely do."

In the instant case appellant made the red color on the rule ends the essential feature of its registration. It so defined it in the application and, in practice, so designated it by the words "Red End." Other manufacturers are placed upon notice that red for such use is pre-empted. They know that they must avoid red, but appellee correctly concluded that in law this preemption does not apply to all colors.

Another statement of the opinion is:

"* * * Although it might be possible to claim the imprint of a colored *figure* on a wire rope, the figure should be so described that other manufacturers would know how to avoid it." (Italics ours.)

In the case at bar there is no *figure* upon, or in connection with, the colored ends. There is in fact no design, in the common acceptance of that term, applied to the colored

ends. Whatever of design there is consists simply in the coloring of the ends.

The Supreme Court's opinion further says, and this seems peculiarly applicable:

"Upon the plaintiff's theory, a wire rope containing a streak of any description or of any color would be an infringement, and a manufacturer honestly desiring to distinguish his wire rope from that of the plaintiff's by *difference in color* might, by adopting a white streak running along the length of the rope across the strands, find himself an infringer, when his real object may have been to obtain a mark which would distinguish his manufacture from that of the plaintiff's. Even if it were conceded that a person might claim a wire rope colored red or white, or any other color, *it would clearly be too broad to embrace all colors.*" (Italics ours.)

■ Appellant alleges that the motive of appellee in adopting its blue end design, and the words describing it, was manifestly that the latter might profit from the former's previously conceived idea and practice of coloring the rule ends. That may be true, and, if true, this court has no sympathy with it. To the extent of our authority this court is ready to protect the owners of trade-marks and assure their value. We have applied and shall continue to apply the oft-repeated rule that any doubt as to registrability, when registration is opposed, will be resolved in favor of the prior entrant, but we are bound by the terms of the statute properly construed, and surely a clear and unambiguous decision of the Supreme Court of the United States is authority which we must accept as binding.

Appellant here insists, however, that since the decision of the Supreme Court in the Leschen Case, supra, the Court of Appeals of the District of Columbia, while it had the jurisdiction which this court now has, did not follow the Supreme Court's decision, or perhaps distinguished another case from that decision, and refused registration of a yellow stripe for a wire rope trade-mark to Broderick & Bascom Rope Company upon the opposition of Leschen & Sons, 36 App. D. C. 451, 1911 C. D. 312, 164 O. G. 977. This case was decided in February, 1911, and we have carefully examined the opinion. It and another case decided the same day were apparently followed in the case of Eagle Pencil Co., 39 App. D. C. 361, 1912 C. D. 572, 185 O. G. 1383, decided by the same Court December 2, 1912. At least the former cases were cited in the latter.

Assuming, without attempting to distinguish them, that appellant's construction of these several opinions is correct and that they are not, in their reasoning, in entire harmony with the Supreme Court opinion, later authorities do follow that opinion, so far as we have been able to ascertain, without exception.

In Leschen & Sons Rope Co. v. Fuller et al., 218 F. 786, 788, the United States Circuit Court of Appeals of the Eighth Circuit spoke very definitely upon the question:

"A colored strand, not restricted to any color, is not a valid trade-mark. * * * If that is a valid trade-mark, it is so because, and only because, it is limited to a red stripe or strand, and that limitation permits the use by others of wire ropes with strands of other colors, and the defendants do not infringe that trade-mark because they use a yellow strand."

And in Re Johns-Manville, Inc., 55 App. D. C. 142, 2 F.(2d) 944, the Court of Appeals of the District of Columbia evidently turned from any doctrine asserted in the cited cases and claimed by appellant to be out of harmony with the Supreme Court decision, and rested its conclusion upon the case immediately above quoted and the first Leschen Case by the Supreme Court.

Appellant insists, however, that the fact that appellee locates its color in *the same place* as the color of appellant, that is, upon the ruler ends, and locates its words "Blue End" in the same relative position as the "Red End" words of appellant are located, constitutes mark resemblance in the statutory sense. Upon this question the case of Gandy Belting Co. v. Victor-Balata & Textile Belting Co. (D. C.) 215 F. 795, seems directly in point. It was there held by the United States District Court of the Eastern District of Pennsylvania as stated in the syllabus:

"Where complainant and defendant manufactured canvas belting and complainant adopted as a trade-mark a green line or stripe applied to one edge of the belt, directing in its advertising that consumers should 'look for the green edge,' such mark, if valid as a trade-mark was not infringed by defendant coloring both edges of its belting a brilliant black."

In the course of that opinion the Court said:

"Waiving the question of the validity of this trade-mark, and conceding it to give a proprietary right to a green color applied to one edge of the belting, the plaintiff complains of the defendant, not in that it has put one green edge on its belting, but in that it has colored both edges 'a brilliant black.'

* * * A claim of monopoly of right, either at common law or under the trade-mark statutes, in the privilege or practice of making the edges of the belting of any color is certainly too broad."

From the decision in Dodge Mfg. Co. v. Sewall & Day Cordage Co. (C. C.) 142 F. 288, we quote the following:

"If the complainant has any trade-mark, it is plainly confined to a blue thread, for that is the only mark the complainant ever used. To allow the complainant the exclusive right of twisting into rope threads of any and all colors would give it a monopoly of the only practicable way of marking rope. Where a trade-mark is a figure or design, the owner's right may well cover that figure or design reproduced in any color, for the identity of figure may mislead the purchaser in spite of the difference of color. In this case the defendant's red thread *will emphasize the difference* between its rope and the complainant's blue thread rope, and cannot deceive anybody. It follows, therefore, that the defendant has the right to continue its present red thread manufacture." (Italics ours.)

In the case of Plough Chemical Co. v. Bullion, 55 App. D. C. 294, 5 F.(2d) 117, the Court of Appeals of the District of Columbia affirmed the decision of the Commissioner of Patents allowing registration of the mark "Red and White" despite the opposition of the owner of a mark composed of the words "Black and White," saying among other things:

"The respective terms naturally suggest *contrast*, rather than identity, when applied to articles of merchandise." (Italics ours.)

The difficulty confronting appellant is that it chose its mark from a field which is not possible of pre-emption by it, under the registration law, and appellee elects to exercise a legal right which this court may not deny it, and enter that field for a mark of its own.

Distinctions in colors, to all persons having normal eyesight, are obvious. Blue is not easily mistaken for red, nor red for blue. They present contrasts. The idea of colored ends for rulers may have originated with appellant, but color trade-marks are not new, and the trade-mark registration statute is concerned simply with the mark and not, like the patent laws, with invention.

In view of the fact that appellant's rights under its registrations are confined to a specific color, and must be so confined if the marks are to retain validity, and in view of the further fact that the blue color does not resemble the red color, and that the word "Blue" does not resemble the word "Red," these respective colors and words being the dominant features of the respective marks, we do not think it should be held that the marks are confusibly conflicting.

The decision of the Commissioner is affirmed.

Affirmed.