## In re SUN OIL CO.
### Patent Appeal No. 2743.

Court of Customs and Patent Appeals.
May 27, 1931.

Busser & Harding of Philadelphia, Pa. (Frank S. Busser and George J. Harding, both of Philadelphia, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

The Commissioner of Patents affirmed the decision of the examiner of interferences in refusing to register appellant's proposed trade-mark which consists of a blue color imparted to gasoline. Appellant has appealed to this court from the decision of the commissioner.

In appellant's application for registration he sets out the following: "The mark consists of a blue color imparted to the gasoline. * * * The trade-mark is applied to the gasoline by adding a very small proportion of blue coloring matter to the gasoline before it is placed into containers. * * *"

The refusal to register on the part of the Patent Office tribunals was upon the ground chiefly that one cannot have a trade-mark monopoly of a mark which consists of the color of the article alone.

The contention made by appellant in this case is substantially the contention made by the appellant in Re General Petroleum Corporation of California, 49 F.(2d) 966, 18 C. P. A. —— decided concurrently herewith, in which decision this court went fully into the question of the registrability of a trade-mark identical, except as to color, with the one proposed herein. In that case the color imparted to the gasoline involved was violet. There we cited the pertinent authorities and discussed the law somewhat at length and our decision affirmed that of the commissioner which refused registration. Nothing that we said in that case need be repeated here and the reasoning and cited authorities in that case are controlling in this one.

Appellant in the case at bar has argued with great earnestness that the commissioner's holding that the blue color imparted to the gasoline could not function as a trade-mark was contrary to the express provision of section 5 of the Trade-Mark Act of February 20, 1905, as amended (15 USCA § 85), which in part reads as follows:

"Sec. 5. That no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration as a trade-mark on account of the nature of such mark unless such mark—

"(a) Consists of or comprises immoral or scandalous matter.

"(b) Consists of or comprises the flag or coat of arms or other insignia of the United States or any simulation thereof, or of any State or municipality or of any foreign nation, or of any design or picture that has been or may hereafter be adopted by any fraternal society as its emblem, or of any name, distinguishing mark, character, emblem, colors, flag, or banner adopted by any institution, organization, club, or society which was incorporated in any State in the United States prior to the date of the adoption and use by the applicant: Provided, That said name, distinguishing mark, character, emblem, colors, flag, or banner was adopted and publicly used by said institution, organization, club, or society prior to the date of adoption and use by the applicant. * * *"

Following the above-quoted provision, there are, in the same section of the statute, a number of provisos specifying certain kinds of marks which may not be registered, most of which subject-matter has no application to the issue at bar. We think the following proviso, which is found in section 5, is pertinent to the issue at bar and must be considered with the first quoted part of section 5: "* * * Provided, That no mark which consists merely in the name of an individual, firm, corporation, or association not written, printed, impressed, or woven in some particular or distinctive manner, or in association with a portrait of the individual, *or merely in words or devices which are descriptive of the goods with which they are used, or of the character or quality of such goods*, or merely a geographical name or term, shall be registered under the terms of this Act." [Italics except first word ours.]

In Beckwith v. Commissioner of Patents, 252 U. S. 538, 40 S. Ct. 414, 416; 64 L. Ed. 705, the Supreme Court of the United States seemed to give equal force to that portion of the paragraph requiring registration, and the provision providing against registration in specific cases. The following language was used: "* * * In this connection it must be noted that the requirement of the statute that no trade-mark shall be refused registration, except in designated cases, is just as imperative as the prohibition of the proviso against registration in cases specified."

Appellant emphasizes the fact that the ingredient in the gasoline which gives it its blue character adds nothing to its quality except color and is added only for trade-mark purposes. Appellant concedes that its registration would insure to it a prima facie monopoly of blue gasoline, but states that if any one else desired to use blue gasoline, which might happen to be blue on account of a necessary ingredient therein contained, he (the newcomer) would be required to so differentiate his merchandise (in some manner not disclosed by appellant), as to prevent confusion with appellant's proposed blue gasoline trade-mark.

We cannot think manufacture and commerce should be so hampered by such a construction of the law. With parity of reasoning it might also be argued that the taste and odor of certain articles might be properly and successfully used to distinguish its goods from the goods of another and that, therefore, such taste or odor should be regarded as the proper subject-matter for trade-marks.

The mark in this instance, we think, consists merely in a device which is descriptive of the goods with which it is used. Nothing could be more descriptive of an article of manufacture than the article itself. The proposed mark consists of the merchandise itself, and under the authorities cited in In re General Petroleum Corporation of California, supra, such a mark is not entitled to registration.

The decision of the Commissioner of Patents is affirmed.

Affirmed.

In re GENERAL PETROLEUM CORPORATION OF CALIFORNIA.
Patent Appeal No. 2755.