## In re WALKER–GORDON LABORATORY CO.

### Patent Appeal No. 2813.

Court of Customs and Patent Appeals.

Dec. 7, 1931.

E. Clarkson Seward and W. Saxton Seward, both of New York City, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Commissioner of Patents, affirming the decision of the Examiner of Trade-Marks, refusing registration as a trade-mark of "a substantially silver colored cap for milk bottles."

It appears that what appellant seeks to register is the physical article; that is, the cap itself, and the merchandise to which it is applied is the milk.

The drawing shows a form of bottle cap having imprinted on the top thereof the words "Walker Gordon" arranged in semicircular formation about the edge of the cap and "Certified Milk" in the center, the word "Milk" being underneath the word "Certified."

The Commissioner's decision states: "The samples indicate that the milk bottle cap is of tinfoil or of a similar metal, the natural color of which is silverlike."

It is stated in the brief of appellant that the company has been using the cap for a period of about thirty-seven years.

As we interpret the commissioner's decision, registration was refused upon the ground that the proposed mark being the physical article, it is a functional part of the bottled milk, having a mechanical utility, and is not therefore per se registrable, and that, since the particular words imprinted upon it are not registrable for obvious reasons (being in fact disclaimed), the issue finally turns upon the matter of color, and that mere color, independent of some design or symbol, is likewise not registrable.

We think the decision sound.

To grant registration of a mere functional element, or physical article, standing alone, as a trade-mark would be almost equivalent, in its effect, to the grant of a perpetual patent, if such registration and trade-mark use could be sustained in the courts. It is not conceivable that Congress ever intended that such a result should be accomplished through the trade-mark registration statute. E. Regensburg & Sons v. Juan F. Portuondo Cigar Mfg. Co. (C. C. A.) 142 F. 160; In re Onedia Community, 41 App. D. C. 260; Sawyer v. Horn (C. C.) 1 F. 24; Goodyear Tire & Rubber Co. v. Robertson (C. C. A.) 25 F.(2d) 833.

For authorities upon the nonregistrability as a trade-mark of color standing alone reference is made to Diamond Match Co. v. Saginaw Match Co. (C. C. A.) 142 F. 727; Newcomer & Lewis v. Scriven Co. (C. C. A.) 168 F. 621; Taylor v. Bostick (C. C. A.) 299 F. 232; A. Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 201 U. S. 166, 26 S. Ct. 425, 50 L. Ed. 710. The cases of In re Sun Oil Co., 49 F.(2d) 965, 18 C. C. P. A. 1421, and In re General Petroleum Corporation of California 49 F.(2d) 966, 18 C. C. P. A. 1444, also contain reasoning which bears some relation to the issue.

The decision of the Commissioner of Patents is affirmed.

Affirmed.